IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TEXAS GUN RIGHTS, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> *Defendant*. | Civil Action No. 4:23-cv-578-O |

**DEFENDANT'S SUPPLEMENTAL BRIEF**

Defendant provides this supplemental brief addressing *Mock v. Garland*, No. 23-10319, --- F. 4th ---, 2023 WL 4882763 (5th Cir. Aug. 1, 2023), pursuant to this Court's Order of August 21, 2023.  *See* ECF No. 31.  While the plaintiffs in *Mock* challenge the same Final Rule at issue in this case, *see Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Final Rule"), the Fifth Circuit's decision does not control here because it addresses a legal claim that is not before this Court.

In *Mock*, a divided panel of the Fifth Circuit reversed the district court's denial of a preliminary injunction, with Judge Higginson dissenting.  The court found only that the plaintiffs were likely to succeed on their claim that the challenged Final Rule was not a "logical outgrowth" of the Proposed Rule.  *See Mock,* 2023 WL 4882763 at *19.  The majority opinion "decline[d] to address" plaintiffs' other statutory and constitutional arguments.  *Id.* at *12.

The Complaint in this matter does not raise a logical outgrowth claim, *see* Compl. at 13-22, and does not mention the Proposed Rule at all, nor did Plaintiffs attempt to raise a logical outgrowth claim in their Motion for Preliminary Injunction.  ECF No. 11.  Accordingly, the sole claim held

1

likely to succeed in *Mock* is not present in this case, and the panel decision in *Mock* therefore does not control. Moreover, the panel majority in *Mock* also did not decide whether plaintiffs there had shown irreparable harm, and thus whether a preliminary injunction was appropriate, instead remanding the issue to the district court to decide. 2023 WL 4882763 at *19. A determination of irreparable harm is necessarily plaintiff-specific, and Plaintiffs here have failed to carry their burden to show imminent irreparable harm. *See* Def.'s Opp'n, ECF No. 27 at 36-38.

Finally, the appropriate final remedy for any APA violations in this instance would be remand without vacatur. *See Texas Ass'n of Mfrs. v. U.S. Consumer Prod. Safety Comm'n*, 989 F.3d 368, 389-90 (5th Cir. 2021) ("Remand, not vacatur, is generally appropriate when there is at least a serious possibility that the agency will be able to substantiate its decision given an opportunity to do so."). Vacatur is particularly inappropriate here as it would return the regulated community to a regime without generally applicable guidelines and introduce confusion. *Texas v. U.S.*, 50 F.4th 498, 530 (5th Cir. 2022) (holding courts must consider the "disruptive consequences" of vacatur). Because vacatur would not be the appropriate remedy in this case, Plaintiffs' request for a preliminary injunction should be denied even if the Court were to conclude that Plaintiffs are likely to succeed on the merits of their APA claims.

This Court should accordingly deny Plaintiffs' Motion for a Preliminary Injunction for the reasons set forth in Defendant's Opposition. ECF No. 27.

Dated: August 30, 2023       Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Michael Drezner*
MICHAEL DREZNER (VA Bar No. 83836)
JODY D. LOWENSTEIN (MT Bar No. 55816869)
TAYLOR PITZ (CA Bar No. 332080)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-4505
Email: Michael.L.Drezner@usdoj.gov

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

On August 30, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Michael Drezner
MICHAEL DREZNER
Trial Attorney
U.S. Department of Justice