IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TEXAS GUN RIGHTS, INC.
and NATIONAL ASSOCIATION
FOR GUN RIGHTS INC.,

        Plaintiffs,

    v.                                    Case No. 4:23-cv-00578-O

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,

        Defendant.

### PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING THE FIFTH CIRCUIT'S *MOCK V. GARLAND* DECISION

As provided by the Court's August 21, 2023, Order (ECF No. 31), Plaintiffs submit this supplemental brief addressing the United States Court of Appeals for the Fifth Circuit's decision in *Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023).

## INTRODUCTION

In *Mock*, the Fifth Circuit confirmed that ATF's final rule (the "Rule") violated the APA because it was "not a logical outgrowth of the Proposed Rule." *Id.* at 586. In a concurrence, Judge Don R. Willett, who joined the majority opinion in full, explained further that the rule also likely violated the Second Amendment to the United States Constitution. *Id.* at 588 (Willett, J., concurring). *Mock*'s relevance to this case is threefold. First, the Fifth Circuit rejected the argument that the Rule is merely interpretative. Second, the *Mock* decision bolsters Plaintiffs' argument that the Rule is arbitrary and capricious. Third, the *Mock* concurrence supports Plaintiffs' argument that the Rule violates the Second Amendment.

For these reasons, and for those already explained in the Plaintiffs' previously filed briefs, ECF Nos. 11 and 28, Plaintiffs respectfully request the Court grant their motion for a preliminary injunction.

## I.    *Mock*'s holding that the Rule is not interpretive undermines Defendants' arguments.

*Mock* holds that the Rule is not interpretative, but rather legislative. *Mock,* 75 F.4th at 579–84. As a threshold matter, this holding is critically important because Defendants' entire argument rests on the premise that they are merely interpreting the definition of a "rifle" and therefore acting within their legislatively delegated authority. *See* ECF 27:13 (the rule is valid because "ATF possesses clear authority to interpret provisions within the NFA and the GCA," and ATF is relying on its authority to "issue rules interpreting terms used in the NFA and the GCA"); 16 n.6 ("the Rule reflects the best interpretation of the statutes"); 20–21 (claiming that the major questions

doctrine does not apply because the rule merely interprets the statutory definition of rifle); 22

(arguing that ATF has provided a reasoned explanation for the rule because it is "the best

interpretation" of the definition of rifle). Defendants employed these arguments in response to

Plaintiffs' specific arguments that the Rule unlawfully re-defines the statutory definition of "rifle."

*See* ECF 27:12–13 (Defendants arguing against paragraphs 53–49 of the Complaint). But *Mock* is

clear: the Rule is not simply interpreting the definition of "rifle." It is doing much more, which

runs the Rule headlong into the statutory guardrails imposed by the APA and the Constitution.

ECF No. 1:2, 19–20, 22–23. Therefore, it is simply not enough to wave away Plaintiffs' arguments

by claiming the Rule is "interpretative," as Defendants attempted in their response brief. *Mock*'s

holding forecloses that line of argument.

**II.      *Mock* bolsters Plaintiffs arbitrary-and-capricious claim.**

      *Mock*'s holding that the Rule is not "interpretive," 75 F.4th at 578, also bolsters Plaintiffs'

APA claim that the Rule is arbitrary and capricious. As the Supreme Court of the United States

has made clear:

> There may be times when an agency's decision to issue an interpretive rule, rather
> than a legislative rule, is driven primarily by a desire to skirt notice-and-
> comment provisions. But regulated entities are not without recourse in such
> situations. Quite the opposite. The APA contains a variety of constraints on agency
> decisionmaking—the arbitrary and capricious standard  being  among  the  most
> notable.

*Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 105–06 (2015). That is, in situations such as this

where the agency claims a rule is merely "interpretive" primarily because of its desire to evade

notice-and-comment rulemaking, arbitrary and capricious review is one of the essential grounds

for seeking relief. According to the Fifth Circuit, an APA challenge under the arbitrary and

capricious standard "may have succeeded" in *Mock. Id*. (citing *Perez*, 575 U.S. at 105–06).

Here, Plaintiffs' arbitrary-and-capricious argument alleges that Defendants failed to fully acknowledge the substantive changes they were making. "Despite explicitly and repeatedly stating, for years, that the installation of a stabilizing brace does not convert an otherwise non-NFA regulated firearm into an NFA regulated firearm, the Rule now takes the opposite position." Compl. ¶ 69. This substantive, legislative change, was hidden in the shadows of an alleged "interpretive" decision. *Mock* supports the argument that such a significant change, obscured from the public and mischaracterized, is a classic arbitrary-and-capricious APA violation.

## III.    Judge Willet's concurrence supports Plaintiffs' Second Amendment claim.

Plaintiffs here also argued that ATF's Final Rule should be set aside because it violates the Constitution. *See, e.g.*, ECF No. 11:13–15 (arguing that the Final Rule violates the Second Amendment). The *Mock* plaintiffs made similar constitutional arguments, but because the Fifth Circuit determined the *Mock* plaintiffs were "likely to succeed on the merits of their APA challenge" the Court explained that it was "unnecessary to address their constitutional claims." *Mock*, 75 F.4th at 586 n.59 (citation omitted). Nonetheless, Judge Willet filed a concurrence explaining further his view that even if the rule were a logical outgrowth of the proposed rule, the rule would "likely fail constitutional muster." *Id.* at 588 (Willet, J., concurring).

Judge Willet explained that "ATF has not identified any historical tradition of requiring ordinary citizens to endure a lengthy, costly, and discretionary approval process just to use accessories that make an otherwise lawful weapon *safer*." *Id.* Judge Willet went on to explain that attaching a stabilizing brace to an otherwise lawful pistol likely amounted to "protected Second Amendment 'conduct'." *Id.*

Judge Willet's analysis should be beneficial to this Court as it considers whether Plaintiffs are likely to succeed on the merits of their Second Amendment claims. And even the majority

opinion acknowledges the significant constitutional issues presented by this case. *See also id.* at

578 n.34 (majority op.) ("Though we have never reasoned that those delegations to the ATF violate

the nondelegation doctrine, there are perhaps serious concerns about the constitutionality of the

ATF's interpreting criminal statutes.").

## IV.     The other injunction factors are met.

The Fifth Circuit in *Mock* did not address any of the other injunction factors—leaving those

for the District Court to decide on remand. As Plaintiffs already explained in this matter, those

factors are also met (*see, e.g.*, ECF No. 11:24–25), and an injunction should issue.

## CONCLUSION

Plaintiffs respectfully request that this Court grant their motion for preliminary injunction.

If this Court issues an injunction in *Mock* on remand, it will not apply to Plaintiffs and their

members in this case unless the Court issues a nationwide injunction. Moreover, Plaintiffs' claims

in this case—although supported by the reasoning of *Mock* as explained above—are different from

the notice-and-comment APA argument in *Mock*. Therefore, Plaintiffs request a ruling on the

arguments presented in their preliminary injunction motion.

Dated this 30th day of August, 2023.

Respectfully Submitted,

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.


*/s/ Daniel P. Lennington*

Richard M. Esenberg (*Admitted pro hac vice*)
Daniel P. Lennington (*Admitted pro hac vice*)
Lucas T. Vebber (*Admitted pro hac vice*)
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-6385
Rick@will-law.org
Dan@will-law.org
Lucas@will-law.org

THE LAW OFFICE OF JASON NASH, P.L.L.C.

Jason C. Nash (Texas Bar No. 24032894)
601 Jameson Street
Weatherford, TX 76086
Telephone: (817) 757-7062
Jnash@jasonnashlaw.com


ARRINGTON LAW FIRM

Barry K. Arrington (*Admitted pro hac vice*)
(Texas Bar No. 24129555)
4195 Wadsworth Boulevard
Wheat Ridge, CO 80033
Telephone: (303) 205-7870
Barry@arringtonpc.com

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2023, I electronically filed the foregoing using the CM/ECF system. All registered users of the system who have filed an appearance will receive notice of this brief and an electronic copy.

Dated this 30th day of August, 2023.

s/ *Daniel P. Lennington*
Daniel P. Lennington